## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT LAUDERDALE DIVISON
## CASE NO. 0:22-cv- 62104-SCOLA/GOODMAN

SUZANNE WHEELER-MCCORVEY,

                Plaintiff,

v.

KILOLO KIJAKAZI,
ACTING COMM'R OF SOC. SEC.,

                Defendant.

_____/

## OMNIBUS REPORT AND RECOMMENDATIONS
## ON SUMMARY JUDGMENT MOTIONS

This case challenges a denial of social security benefits. Plaintiff Suzanne Wheeler-McCorvey ("Plaintiff") and Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration[1] ("Commissioner" or "Defendant"), filed cross-motions for summary judgment. [ECF Nos. 22; 27]. The Commissioner's summary judgment motion also served as her opposition response [ECF No. 26] to Plaintiff's motion. Plaintiff filed a reply. [ECF No. 28].

According to the Clerk's directive in these types of administrative appeals, all dispositive matters have been referred to the Undersigned for a Report and Recommendations. [ECF No. 2].

---

[1]     ("SSA").

As explained below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's summary judgment motion [ECF No. 22] and **deny** the Commissioner's summary judgment motion [ECF No. 27], **with a remand**.

I.     **Procedural Background**

On March 18, 2020, Plaintiff applied for Disability Insurance Benefits, alleging an onset date of June 15, 2019. (R. 347-49).[2] She alleged disability because of health issues including (but not limited to): connective tissue disease, hypothyroidism, hypo magnesium and calcium, lupus, fibromyalgia, herniated lumbar disc, anemia, and kidney disease. (R. 216). The Commissioner denied Plaintiff's applications initially and on reconsideration. (R. 212-15, 223-32). Plaintiff then appealed the Commissioner's decision. The Appeals Council denied her appeal.

Two separate hearings were held. The first hearing was held on November 4, 2021 with Administrative Law Judge Jose Perez-Gonzalez ("the ALJ"). The ALJ heard testimony from medical experts, Steven Goldstein M.D. and Olin Hamrick, a Vocational Expert ("VE") and Plaintiff, who was represented by counsel. (R. 98-142). The same ALJ held a supplemental hearing on April 5, 2022. At the second hearing, the ALJ heard testimony from an impartial medical expert, Colette Valette, Ph.D., and a different VE. (R. 143-164). On April 29, 2022, the ALJ issued his decision, concluding that Plaintiff was

---

[2]     Citations to ("R. __") refer to pages of the administrative record transcript. [ECF No. 14].

not disabled within the meaning of the Social Security Act. (R. 8-24). Plaintiff appealed the ALJ's decision, and on October 13, 2022 the Appeals Council affirmed the ALJ's decision. (R. 1-4).

## II.   Factual Background

Plaintiff was 57 years old when she applied for Disability Insurance Benefits. (R. 100, 347-49). Her highest level of education is tenth grade, and she did not obtain a GED. (R. 124). She previously held jobs as a sales manager, a financial institutions manager, and an auto service manager. (R. 23, 124-35).

Plaintiff filed her motion for summary judgment. [ECF No. 22]. In it, she argues that the ALJ failed to find fibromyalgia as a medically determinable impairment and adequately evaluate her mental residual functional capacity ("RFC") assessment caused by her chronic and severe pain. *Id*. at 1. Defendant's motion argues that the ALJ's decision should be affirmed because it is supported by substantial evidence and because the ALJ used the correct legal standards. [ECF No. 26].

## III.   Applicable Legal Standards

In evaluating a claim for disability benefits, an ALJ must follow the five steps outlined in 20 C.F.R. §§ 416.920(a) and 404.1520, which the Undersigned summarizes as follows:

1.   **Step one**. Is the claimant performing substantial gainful activity? If not, then an ALJ next determines:

2.   **Step two**. Does the claimant have one or more severe impairments? If the

3

      claimant does, then an ALJ next considers:

3.     **Step three**. Does the claimant have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled; if not, then an ALJ must determine claimant's [RFC]; and then determine:

4.     **Step four**. Based on the RFC, can claimant perform his or her past relevant work? If so, then the claimant is not disabled. If the claimant cannot perform his or her past relevant work, then an ALJ must finally determine:

5.     **Step five**. Based on the claimant's age, education, and work experience, and the RFC, can he or she perform other work? If so, then the claimant is not disabled. If not, then the claimant is disabled and entitled to benefits.

*See, e.g., Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

    The claimant bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). In reviewing the decision, the Court must consider the record as a whole and determine whether the ALJ applied the correct legal standard and whether substantial evidence in the record supports his findings of fact. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Phillips*, 357 F.3d at 1240 n.8 (internal citation omitted).

    The Court is authorized to enter a judgment affirming, modifying, or reversing the decision of an ALJ, with or without remand. 42 U.S.C. § 405(g); *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1302 n.13 (11th Cir. 2000).

**IV.     The ALJ's Findings**

In denying Plaintiff's claim for benefits, the ALJ followed the sequential five-step evaluation process for social security claims. (R. 8-24). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 15, 2019, the alleged disability onset date. (R. 13).

At step two, the ALJ concluded that Plaintiff's "disorders of the cervical and lumbar spine, Sjogren's syndrome/autoimmune disorders, history of left ankle surgery, and obesity" qualify as severe impairments. *Id*. The ALJ stated that those impairments were consistent with the medical evidence, and "significantly limit the ability to perform basic work activities." *Id*.

At step three, the ALJ concluded that Plaintiff did not have an "impairment or combination of impairments that met or medically equaled the severity" of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526*). (R. 19).

At step four, after a review of the entire record, the ALJ concluded that Plaintiff had the RFC to perform sedentary work with some limitations. (R. 20). The limitations are: (1) lift and/or carry 10 pounds occasionally, less than 10 pounds frequently; (2) stand and walk for a total of 2 hours in an 8-hour workday; (3) sit for a total of 6 hours in an 8-hour workday; (4) never climb ladders, ropes, or scaffolds; and (5) occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl. *Id*. In making this finding, the

ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p." *Id*. The ALJ additionally "considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 C.F.R. § 404.1520c." *Id*.

Finally, at step five, the ALJ found that Plaintiff could perform past relevant work under 20 C.F.R. § 404.1565 as a sales manager, financial institutions manager, and auto service manager. (R. 23). The ALJ explicitly stated that the work involved in those professions "does not require the performance of work-related activities precluded" by Plaintiff's RFC. *Id*.

Accordingly, the ALJ held that Plaintiff had not been under a disability from June 15, 2019 through the date of his decision, April 29, 2022. (R. 24).

**V.     Analysis**

Plaintiff's Motion argues that Defendant's decision should be reversed and remanded: (1) because the ALJ failed to find fibromyalgia as a medically determinable impairment; and (2) because the ALJ failed to adequately evaluate her mental RFC assessment caused by her chronic and severe pain. [ECF No. 22, p. 1]. Defendant's Motion argues that the ALJ's decision should be affirmed because the ALJ applied the correct legal standard and because substantial evidence supports his decision. [ECF No. 26, p. 15].

6

## Whether the ALJ failed to Find Fibromyalgia
## as a Medically Determinable Impairment

Plaintiff argues that the ALJ's failure violates Social Security Ruling ("SSR") 12-2p and case law within this Circuit. [ECF No. 22, p. 3]. SSR 12-2p is titled, "Evaluation of Fibromyalgia ("FM")" and describes the evidence needed to establish whether FM is a medically determinable impairment ("MDI") and how to evaluate that impairment. SSR 12-2p, 2012 WL 3104869, at *2.

"Per the American College of Rheumatology, '[FM] is a clinical syndrome defined by chronic widespread muscular pain, fatigue and tenderness . . . . Unfortunately, there are no what are called 'objective markers' – evidence on X-rays, blood tests or muscle biopsies for this condition, so patients have to be diagnosed based on the symptoms they are experiencing.'" *Catalan v. Berryhill*, No. 8:17-CV-1425-T-30MAP, 2018 WL 4055340, at *3 (M.D. Fla. Aug. 9, 2018), *report and recommendation adopted*, No. 8:17-CV-1425-T-30MAP, 2018 WL 4052276 (M.D. Fla. Aug. 24, 2018).

SSR 12-2p requires the ALJ to properly consider[3] Plaintiff's symptoms in deciding whether her FM is a MDI because it is one of the reasons she sought disability benefits. SSR 12-2p, 2012 WL 3104869, at *2. In his report, the ALJ only mentioned FM only **one**

---

[3] "We will review the physician's treatment notes to see if they are consistent with the diagnosis of FM, determine whether the person's symptoms have improved, worsened, or remained stable over time, and establish the physician's assessment over time of the person's physical strength and functional abilities." SSR 12-2p, 2012 WL 3104869, at *2.

time. (R. 15) ("She had diffuse tender points related to her Sjogren's disease and fibromyalgia."). The ALJ's report contains no other discussion or consideration of Plaintiff's FM aside from that one brief and conclusory sentence.

Defendant argues that "the finding of **any** severe impairment, whether or not it results from a single severe impairment or a combination of impairments that together qualify as 'severe', is enough to satisfy step two." [ECF No. 26, p. 5 (citing *Hearn v. Comm'r, Soc. Sec. Admin*, 619 F.App'x 892, 895 (11th Cir. 2015 (internal citation omitted) (emphasis added))]. Defendant's argument implies that the ALJ did not *need* to address FM because he found multiple severe impairments in his step two finding. *Id*. (citing *Tuggerson-Brown v. Comm'r, Soc. Sec. Admin*, 572 F. App'x 949, 951-52 (11th Cir. 2014) ("even assuming [the claimant] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below")).

Step two "allows only claims based on the most trivial impairments to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). "It thus 'acts as a filter' to weed out claims where there are no substantial impairments at all." *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (quoting *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). In *Gray*, the Eleventh Circuit did not consider whether substantial evidence supported the ALJ's step two finding because, like Defendant argues, if the ALJ finds that ***any*** impairment qualifies as severe, then step two is satisfied. *Id.* at 853.

However, the *Gray* Court also stated that, "[o]nce a case advances beyond step two, the ALJ **must consider all impairments, severe or not**, at step three and in assessing the RFC. *Id*. (citing *Bowen v. Heckler*, 748 F.2d 629, 634–35 (11th Cir. 1984) (emphasis added)). In *Gray*, the plaintiff argued that the ALJ erred in his conclusions regarding the plaintiff's alleged severe cervical spine impairment. *Id*. The *Gray* Court held that any potential error by the ALJ in not listing the spine impairment as severe in step two is harmless because,

> In assessing Gray's RFC, the ALJ found that Gray had severe impairments and that the step two test was satisfied, and then specifically considered and discussed the symptoms that Gray alleged stemmed from a cervical spine impairment elsewhere in the five-step sequential process. *See Jamison*, 814 F.2d at 588. **The ALJ thus performed the analysis that would have been required had he determined a cervical spine impairment was severe at step two.** *See id*. The ALJ **specifically discussed** the possible existence of osteomyelitis or bone infection, considered Gray's complaints that she claimed stemmed from a spinal condition—extreme pain, sleeplessness, numbness in limbs and fingers, cramps, spasms, difficulty ambulating and sitting, trouble bending her neck, tingling, and tenderness on her left side—and also discussed the objective medical evidence and medical opinion testimony. Accordingly, even if the ALJ erred at step two, any error was harmless.

*Id*. at 853-54 (emphasis added). Here, the ALJ *never* performed the analysis which would have been required had he determined that Plaintiff's FM was severe at step two, nor did the ALJ consider Plaintiff's FM at step three or in the RFC.

According to SSA policy, "When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of this subpart, we will consider the limiting effects of **all** your impairment(s), **even those that are not severe**, in determining your residual functional

capacity." 20 C.F.R. § 404.1545 (emphasis added). "Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268–69 (11th Cir. 2019) (citing *Bowen v. Heckler*, 748 F.2d 629, 634-35 (11th Cir. 1984)).

Defendant argues that "substantial evidence supports the ALJ's determination that Plaintiff's [FM] was not a [MDI] under the criteria in SSR 12-2p." [ECF No. 26, p. 5]. Defendant also argues that the medical record, as discussed by the ALJ, does "not support Plaintiff's subjective complaints of disabling symptoms due to [FM] or her condition in general." *Id.* at 6. But, the ALJ's report does not even mention whether Plaintiff's FM is an impairment *at all*. Defendant's argument seemingly ignores Plaintiff's notion that the ALJ was required to evaluate and consider Plaintiff's FM (regardless of it being a severe or not severe MDI) after step two.

Defendant instead focuses on showing how the ALJ's RFC finding is supported by substantial evidence and that Plaintiff failed to show that her FM caused any limitations not accounted for in the RFC. *Id.* at 11. Defendant lists out a multitude of details from the medical record to show how the ALJ's decision is based on substantial evidence -- but fails to tie them in with FM, as opposed to Plaintiff's other impairments. Essentially, Defendant makes no mention of *how* the ALJ complied with SSR 12-2p.

The problem here is that the ALJ did not discuss Plaintiff's FM in accordance with SSR 12-2p, especially when it is repeated throughout the medical record. (R. 70, 73, 175,

10

197, 207, 437, 438, 443, 444, 519, 665, 734, 859, 865, 873, 880, 886, 1001, and 1005).[4] Without that discussion, the Court is unable to determine: (1) if the ALJ considered Plaintiff's FM at all; (2) if it was considered, then *where* was it considered, and *how*; and (3) if the ALJ appropriately analyzed it.

"In short, the Court cannot say the Step 2 error was harmless without plugging fibromyalgia into Steps 3-5, then re-weighing the evidence. To do that would require conjecture that invades the province of the ALJ." *Moore v. Saul*, No. 4:18-CV-01131-CLM, 2020 WL 1308404, at *7 (N.D. Ala. Mar. 19, 2020) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) (*per curiam*) (remanding where the ALJ failed to consider certain factors and indicate their impact on his ultimate functional capacity conclusion)); *see, e.g., Nowaczyk v. Kijakazi*, No. 5:21-CV-63, 2022 WL 3031230, at *6 (N.D. Fla. July 12, 2022) *report and recommendation adopted,* No. 5:21-CV-63-TKW-MJF, 2022 WL 3030546 (N.D. Fla. Aug. 1, 2022) (remanding because ALJ failed to articulate basis for finding FM impairment non-medically determinable).

---

[4] Interestingly enough, the State Agency Administrative ("DDS") findings describe Plaintiff's FM as a "severe" MDI. (R. 175, 197). The ALJ found those assessments to be partially persuasive "because the medical record and other assessments from Dr. Goldstein, Dr. Jagmohan, and Dr. Chen indicated greater functional limitations than assessed by DDS." (R. 23). Both Drs. Jagmohan and Chen acknowledge Plaintiff's FM and include it in their list of impressions. (R. 734, 859). Dr. Goldstein stated during the hearing that while he saw Plaintiff's FM diagnosis in the record, he was unable to "find the trigger points, and she certainly has several other conditions that can be painful . . . ." (R. 110, 111).

In *Nowaczyk*, the ALJ acknowledged that the plaintiff's medical providers diagnosed her with FM. But, after that mention, the ALJ failed to address the plaintiff's FM or SSR 12-2p in the remainder of the report, including the step two analysis. 2022 WL 3031230, at *5. An "ALJ's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Id*. (citing *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013). The *Nowaczyk* Court held that it could not conclude whether the ALJ engaged in a proper legal analysis supported by substantial evidence without the SSR 12-2p analysis. *Id*. The defendant argued that the plaintiff "exhibited no positive trigger points in the head or neck . . . and the records do not mention positive trigger points anywhere else on her body after the alleged onset date." *Id*.

The *Nowaczyk* Court rejected the defendant's argument because it was an improper post-hoc rationalization. *Id*. (citing *Hernandez v. Soc. Sec. Admin., Comm'r,* 761 F. App'x 901, 904 n.2 (11th Cir. 2019) ("Our precedent makes clear, however, that in social security appeals we review the ALJ's findings to see if they are supported by substantial evidence. [*Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007)]")).

Other courts have found that if an ALJ fails to provide an explanation as to whether FM meets SSR 12-2p requirements, then a remand is required. *See Cooper v. Comm'r*, No. 17-CV-1058-MJR, 2019 WL 1109573, at *4 (W.D.N.Y. Mar. 11, 2019) (where the ALJ acknowledged that the plaintiff's physicians diagnosed her with fibromyalgia,

12

but concluded that the record, "while reflecting tender points at times, otherwise lack[ed] 'sufficient detail,'" remanding for further development of the record relating to the plaintiff's fibromyalgia, because SSR 12-2p "directs an ALJ to take additional steps, such as recontacting the claimant's treating physicians, when the record lacks adequate information to determine whether the claimant has a medically determinable impairment of fibromyalgia"); *Diaz v. Comm'r*, No. 18-CV-6224P, 2019 WL 2401593, at *4 (W.D.N.Y. June 7, 2019) (remand required for further consideration of the plaintiff's fibromyalgia, where the ALJ made conclusory findings at step two of the disability analysis and the court was "unable to meaningfully review the ALJ's reasoning that [the plaintiff's] diagnosed fibromyalgia was not a medically determinable impairment according to the guidance detailed in SSR 12-2p"); *Heineck-Polizzi v. Comm'r of Soc. Sec.*, No. 1:18-CV-01445 EAW, 2020 WL 1284017, at *5 (W.D.N.Y. Mar. 18, 2020) (same); *Ann S v. Kijakazi*, No. 2:20-CV-00841-JCB, 2022 WL 204596, at *5 (D. Utah Jan. 24, 2022) (same); *Elliott v. Astrue*, 507 F. Supp. 2d 1188, 1195 (D. Kan. 2007) (remanding for ALJ to determine whether fibromyalgia was medically determinable impairment and, if so, to take it into account).

In *Diaz*, the Defendant argued that "remand would not be appropriate even if the ALJ had erred in finding this impairment not severe" because the ALJ "found that [Diaz] had several other impairments that were severe and continued with the sequential evaluation process." 2019 WL 2401593, at *5. The *Diaz* Court stated that although the defendant was correct, "the ALJ's error in this case stemmed not from a *severity*

13

conclusion, but from the conclusion that Diaz's [FM] was not a[n] [MDI] based on the guidance in SSR 12-2p." *Id* (emphasis in original).

The Undersigned finds that the ALJ failed to adhere to the requirements mandated by SSR 12-2p in his failure to address Plaintiff's FM at *any* stage of his analysis. *Nowaczyk*, 2022 WL 3031230, at *5 ("Here, because the ALJ failed to analyze [the] [p]laintiff's fibromyalgia under SSR 12-2p, the [d]istrict [c]ourt cannot conclude that the ALJ engaged in a proper legal analysis that is supported by substantial evidence.").

Consequently, the ALJ's error merits remand. Therefore, because the case should be remanded, the Undersigned will not address the remaining purported errors included in the ALJ's decision. *Brown v. Comm'r of Soc. Sec.*, No. 6:20-CV-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021). "The ALJ will have to reweigh the evidence upon remand and may reconsider the issues raised by [the] [c]laimant." *Id.* (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand, the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

**VI.   Conclusion**

Because the ALJ failed to adequately address Plaintiff's FM, the Undersigned finds that the ALJ's decision is not supported by substantial evidence and should be remanded to the Commissioner for further proceedings. The Undersigned concludes that remand is necessary so that the ALJ may properly consider and articulate the factors listed in SSR

12-2p. Upon remand, the ALJ will be able to assess the other arguments, as well.

Therefore, the Undersigned **respectfully recommends** that the Court **grant** Plaintiff's Motion [ECF No. 22], **deny** Defendant's Motion [ECF No. 27], and **remand** the case.

### VII. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on December 8, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record