UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-62104-SCOLA/GOODMAN

SUZANNE WHEELER-MCCORVEY,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES**

Plaintiff Suzanne Wheeler McCorvey filed an Unopposed Motion for Attorney's Fees. [ECF No. 32]. Plaintiff seeks $7,219.12 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The motion indicates that the request for fees is unopposed. [ECF No. 32]. Pursuant to the EAJA, 28 U.S.C. § 2412(a), the Court has discretion to require the defendant to pay the attorney's fees when the plaintiff is the prevailing party. According to the Clerk's directive in these types of administrative appeals, all dispositive matters have been referred to the Undersigned for a Report and Recommendations. [ECF No. 2].

Upon review of the motion and the record, the Undersigned finds that most of the requested fees are reasonable, but some reductions are warranted. Accordingly, the

Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's Unopposed Motion for Attorney's Fees **in part** and award Plaintiff **$4,808.89** in attorney's fees, contingent upon a determination by the Commissioner that Plaintiff owes no qualifying, preexisting debt(s) to the Government.

I.   BACKGROUND

Plaintiff filed this action seeking to reverse the final decision of the Commissioner, who denied Plaintiff's claim for social security disability benefits. [ECF No. 1]. Plaintiff filed a motion for summary judgment. [ECF No. 22]. The Commissioner[1] filed a summary judgment motion which served as the response to Plaintiff's motion. [ECF No. 26]. Plaintiff filed a response to Defendant's motion. [ECF No. 28].

Pursuant to the Clerk's directive of the case, both summary judgment motions were referred to the Undersigned for a report and recommendations. [ECF No. 2]. Upon a review of both motions, the Undersigned recommended to Senior United States District Judge Robert N. Scola, Jr. that he grant Plaintiff's motion and deny Defendant's. [ECF No. 30]. Judge Scola agreed with the Undersigned, adopted the report and recommendations, and remanded the case for further proceedings. [ECF No. 31]. Thereafter, Plaintiff filed the instant unopposed motion for attorney's fees under the EAJA. [ECF No. 32].

---

[1]   Plaintiff's suit was brought against Kilolo Kijakazi, the Acting Commissioner at the time of filing. Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley should be substituted for Kilolo Kijakazi as the suit's Defendant.

## II. DISCUSSION

### A. Entitlement to Attorney's Fees and Costs

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that her position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, because Plaintiff prevailed at the summary judgment stage and obtained a remand, Plaintiff is the prevailing party for purposes of the EAJA. Further, Defendant does not dispute Plaintiff's request for attorney's fees. Thus, Plaintiff is entitled to receive attorney's fees under the EAJA.

### B. Amount of Attorney's Fees

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services

3

> furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

Here, Plaintiff seeks an hourly rate of $234.95 for all hours worked (.2) in 2022 and $243.95 for all hours worked (29.4) in 2023 and 2024. [ECF No. 32, p. 1]. The cost-of-living increases for 2022 and 2023 are $234.95 and $244.62, respectively.[2] The cost-of-living increase for 2024 is $247.61, based on the two months of data currently available. Thus, the Undersigned finds the requested hourly rates reasonable. *Watts v. Comm'r of Soc. Sec.*, No. 6:22-CV-2131-DNF, 2024 WL 449636, at *1 (M.D. Fla. Feb. 6, 2024) ("Plaintiff is requesting hourly rates of $234.95 for 2022, and $244.62 for 2023 . . . . The Court finds these hourly rates are reasonable.").

---

[2] The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate (155.7) from the Annual Consumer Price Index ("CPI") 2022 (292.655), 2023 (304.702), and 2024 (308.417) (when the work was performed) and dividing that number by the March 1996 rate. *See Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.*; *see also* U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls.

Plaintiff asserts that her attorney expended 29.6 hours on her case. Plaintiff included timesheets documenting her attorney's activities with her motion. [ECF No. 32, p. 2]. The Undersigned has reviewed the hours submitted in Plaintiff's motion and found multiple entries that the Court deems unreasonable (because I cannot discern how much time was spent on each activity). These problematic entries relate to block billing:

| | | |
|---|---|---|
| 5/24/2023-5/25/2023 | Writing and researching Plaintiff's Brief regarding legal argument I. | 10.5 |
| 5/27/2023 | Writing and researching Plaintiff's Brief regarding legal argument II. | 7.5 |

*Id.*³

"'Block billing' occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013). The practice of block billing is disfavored because it prevents the Court from accurately ascertaining the amount of time spent on each discrete task. *See Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *11 (S.D. Fla. July 1, 2008) (noting that block billing "makes it difficult to establish whether the amount of time spent on any one task was reasonable"). Nonetheless, "[a]s a general proposition block billing is not prohibited so long as the

---

³ An additional problematic entry is from 8/21/23, 6.7 hours for "writing and researching Plaintiff's Reply Memo." [ECF No. 32, p. 2].

Court can determine from the time entry the services that were performed." *Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, No. 4:08-CV-355-MCR-GRJ, 2018 WL 4381294, at *6 (N.D. Fla. May 29, 2018), *report and recommendation adopted*, No. 4:08CV355/MCR/GRJ, 2018 WL 6829047 (N.D. Fla. Sept. 28, 2018).

In the instant case, the block billed entries will be reduced by 40%[4] because there is no way to determine the amount of time counsel spent on each of the specific tasks mentioned in the block-billed entries. For example, the time entry for 10.5 hours was expended over two days and consisted of more than one task. Based on how the entry is written, the Undersigned is barred from determining how much time counsel spent per task on either day *(i.e.,* how much time was spent researching and how much time was spent writing).

However, the Undersigned finds the remaining time expended by Plaintiff's attorney to be reasonable.

## III.     CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion **in part** and award Plaintiff **$4,808.89** in attorney's fees, contingent upon

---

[4]     Therefore, in calculating what Plaintiff is entitled to for work completed in 2023 and 2024, the Undersigned subtracted 9.88 hours (40% of 24.7 hours) from the 29.4 requested (totaling 19.52 hours) and multiplied 19.52 by $243.95, totaling $4,761.90.

a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government.

IV. **OBJECTIONS**

The parties will have seven (7)[5] days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within three (3) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 19, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

---

[5] The Undersigned is shortening the deadlines because, pursuant to Plaintiff's motion, Defendant does not oppose the relief sought, and it therefore appears unlikely that Defendant will respond in any way, including the filing of Objections. However, *Plaintiff* may file Objections to the reduction in the requested fees, so the deadline has not been shortened as much for Objections.

**Copies furnished to:**
The Honorable Robert N. Scola Jr.
All Counsel of Record