United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Suzanne Wheeler-McCorvey, ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> Martin O'Malley, Commissioner for ) <br> Social Security Administration, ) <br> Defendant. | Civil Action No. 22-62104-Civ-Scola |

### Omnibus Order Adopting Reports and Recommendations

Upon referral (ECF No. 2), United States Magistrate Judge Jonathan Goodman recommends that the Court grant in part and deny in part Plaintiff Suzanne Wheeler-McCorvey's unopposed motion for attorney's fees under the Equal Access to Justice Act (Rep. & Recs., ECF No. 32). Wheeler-McCorvey objects to those aspects of Judge Goodman's report that recommend reductions to the fees sought. (Objs., ECF No. 34.) The Court has conducted a de novo review of the entirety of Judge Goodman's report and recommendations, the record, and the relevant legal authorities. Having done so, the Court finds Judge Goodman's report and recommendations thorough, cogent, and compelling. Accordingly, the Court **overrules** Wheeler-McCorvey's objections (**ECF Nos. 34**), **adopts** Judge Goodman's report and recommendations in whole (**ECF No. 33**), and thus **grants in part and denies in part** Wheeler-McCorvey's motion for fees (**ECF No. 32**).

Wheeler-McCorvey objects to that part of Judge Goodman's report that recommends reducing three block-billed time entries by 40%. As Judge Goodman explains, these three problematic time entries, each listing the entirety of a day's tasks on a case in a single entry—without identifying the amount of time spent on each discrete task—hamper the Court's ability to assess the reasonableness of the fees sought. (Rep. & Recs. at 5–6.) Of particular concern here, as Judge Goodman notes, counsel's entries prevented him from determining, for example, how much time was spent researching versus how much time was spent writing because the tasks were lumped together. (*Id.* at 6.) Accordingly, Judge Goodman applied a reduction of 40% to those three time entries, resulting in a deduction of $2,410.23 from Wheeler-McCorvey's fee request of $7,219.12 (amounting to a recommended award of $4,808.89).

In objecting, Wheeler-McCorvey doesn't identify any particular error, instead, simply supplying the information Judge Goodman identifies as missing from her motion. (Objs. at 2.) While the Court has discretion to consider evidence that was not presented to the magistrate judge in the first instance, Wheeler-McCorvey fails to present any argument in that regard or otherwise offer any explanation for the initial omission. Ultimately, then, the Court finds this after-the-fact bolstering of her motion comes too late and declines to consider it. The time to supply this information was in the initial motion, for consideration by Judge Goodman. "[A]llowing a party to raise new arguments and present new evidence that it did not present to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Cross v. Equityexperts.org, LLC*, No. 19-14067, 2021 WL 5279412, at *6 (11th Cir. Nov. 12, 2021) (cleaned up).

Accordingly, after careful, de novo review, the Court agrees with all of Judge Goodman's findings and conclusions, as set forth above. Consistent then, with his recommendations, the Court awards **$4,808.89** in attorney's fees to Plaintiff Suzanne Wheeler-McCorvey, made payable directly to Plaintiff's counsel, David B. Goetz, at 2300 NW Corporate Blvd., Suite 244, Boca Raton, Florida 33327, unless Wheeler-McCorvey owes a federal debt.

**Done and ordered** in Miami, Florida, on June 28, 2024.

_____
Robert N. Scola, Jr.
United States District Judge